SPRAGUE and wife, Respondents, vs. MAXCY and wife, Appellants.

*September 8—September 27, 1904.*

*Frivolous demurrer: Appeal: Double costs.*

A demurrer to the complaint in an action for partition of land is *held* frivolous; and upon affirmance of the order overruling such demurrer double attorney's fees are allowed as costs to the respondents.

APPEAL from an order of the circuit court for Bayfield county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

Appeal from order overruling demurrer to the complaint, which alleged that plaintiff is the owner in fee and in possession of an undivided half of specified premises; that the defendant is the owner of an undivided half of said premises; that the other parties are the respective wives of said owners; that no one except the parties have any interest in said lands; and that parties have no other estate jointly or in common. The prayer was for partition, including sale if necessary. The demurrer was general.

For the appellants the cause was submitted on the brief of
*A. W. McLeod.*
*John Walsh,* for the respondents.

Dodge, J.   The demurrer in this case is so without founda-
tion as to force conviction of frivolity and of some purpose of
obstruction or delay.   The only contention in appellants' brief
is that the character of the title of the parties is not suffi-
ciently alleged; especially that the complaint is lacking in as-
sertion that plaintiffs have an estate in possession.   It is diffi-
cult to imagine a more categorical allegation of this fact than
that they are owners in fee and in possession.   The standing
of appellants' counsel precludes the idea that he could have
seriously believed or advised that the sufficiency of this com-
plaint was even doubtful, or that either counsel or clients
could have interposed the demurrer or prosecuted this appeal
in the good faith which both owed to the court; indeed to the
plaintiff.   In such situation, we should not perform our full
duty by merely affirming the order overruling the demurrer.
Due regard for the ethics of litigation requires that we en-
force the penalty authorized by sec. 2951, Stats. 1898.

*By the Court.*—Order overruling demurrer is affirmed.
Double attorneys' fees will be taxed as costs against the appel-
lants.